UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY R.,

                    Plaintiff,

     v.                                                    **DECISION AND ORDER**
                                                                19-CV-6220S
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.


   Plaintiff Tammy R.[1] is a prevailing party in this Social Security benefits action.

Presently before this Court is Plaintiff's counsel's timely[2] Motion for Attorney Fees under

42 U.S.C. § 406 (b)(1)(A). (Docket No. 29.) Defendant does not oppose the motion but

asks this Court to determine whether the amount requested is reasonable. (Docket No.

31.)

   Forty-two U.S.C. § 406 (b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant
> under this subchapter who was represented before the court
> by an attorney, the court may determine and allow as part of
> its judgment a reasonable fee for such representation, not in
> excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment, and
> the Commissioner of Social Security may, notwithstanding the
> provisions of section 405(i) of this title, but subject to
> subsection (d) of this section, certify the amount of such fee
> for payment to such attorney out of, and not in addition to, the
> amount of such past-due benefits.  In case of any such

---

1 In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance
from the Committee on Court Administration and Case Management of the Judicial Conference of the
United States, this Decision and Order identifies the plaintiff by first name and last initial only.

2 The United States Court of Appeals for the Second Circuit has clarified that § 406 (b) motions must be
filed within 14 days (plus three days for mailing) after the claimant receives notice of the Commissioner's
favorable award on remand, consistent with Rule 54 (d)(2)(B) of the Federal Rules of Civil Procedure and
equitable tolling principles. See Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019); see also Rule 5.5
(g)(1) of the Local Rules of Civil Procedure for the Western District of New York.

judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Plaintiff was awarded past-due benefits by letter dated February 8, 2023. (Docket No. 29-2 at p. 39.) The Social Security Administration withheld 25% of Plaintiff's benefits, or $20,264.75, in order to pay Plaintiff's counsel. (Id. at p. 42.)

Plaintiff's counsel applied for attorney's fees on February 17, 2023, within the permissible time from Plaintiff's notice of award. (Docket No. 29.) Plaintiff's counsel applied for $14,627.28 in attorney's fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery. (Docket No. 29-2 at p.50.)

Regarding the reasonableness of Plaintiff's counsel's fee request, having thoroughly reviewed counsel's fee request and supporting documentation, including the assertion that counsel expended 37.45 hours litigating the matter (Docket No. 29-2 at p. 4), this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Moreover, there is no indication that this fee is a windfall. Id. Plaintiff's counsel's $14,627.28 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on October 28, 2021, this Court previously awarded Plaintiff's counsel $6,331.38 in fees plus $400.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Docket No. 28.) Plaintiff's counsel states that he will refund the EAJA fee to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees in the amount of $14,264.75 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 29) is GRANTED.

FURTHER, that Plaintiff's counsel is directed to refund to Plaintiff the $6,331.38 EAJA fee award within 14 days after receiving the requested § 406 (b) award.


SO ORDERED.

Dated:   July 11, 2023
         Buffalo, New York

                                        s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                     United States District Judge

3